UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>RAYMOND BELL,<br><br>                    Defendant. | NO: 2:20-CR-0044-TOR<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE |

BEFORE THE COURT is Defendant's construed Motion to Reduce Sentence. ECF No. 43. On April 22, 2021, Raymond Bell appeared before the Court and was sentenced to, *inter alia*, a year and a day of imprisonment. ECF No. 42. Defendant self-surrendered to the Seatac Federal Detention Center on June 2, 2021, to begin service of his sentence. ECF No. 43 at 1. Defendant now seeks to have his sentence reduced and be placed on the Bureau of Prison's ankle monitoring program. The Court has reviewed the motion and is fully informed.

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in

ORDER DENYING MOTION TO REDUCE SENTENCE ~ 1

limited circumstances.  *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotation marks and brackets omitted, citing 18 U.S.C. § 3582(b)).   A district court does not have inherent power to resentence defendants at any time.  *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997).  Its authority to do so must flow either from statute or the Federal Rules of Criminal Procedure.  *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028–30 (9th Cir. 1999).   Rule 35 delineates a limited set of circumstances in which a sentence may be corrected or reduced.  Specifically, it authorizes a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within 14 days after sentencing.  Fed. R. Crim. P. 35(a).  Rule 35 "is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence."  1991 Advisory Committee notes to Rule 35.

Rule 36 allows the correction of "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission. . ."  Fed. R. Crim. P. 36.  Rule 36 does not apply to errors made by the court itself.  *See United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003).

The Court has given due consideration to Defendant's motion and denies the same because the Court does not have jurisdiction or authority to modify the

sentence.  Defendant's remedy lies with the Bureau of Prisons who has the authority to administer the sentence.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's construed Motion to Reduce Sentence, ECF No. 43, is **DENIED**.

The District Court Clerk is hereby directed to enter this Order and provide copies to the parties, including Defendant at the Seatac Federal Detention Center.

DATED July 13, 2021.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO REDUCE SENTENCE ~ 3